61 F.3d 903
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ADVANCED MEDICAL SYSTEMS, INC., Plaintiff-Appellant,
v.
UNITED STATES NUCLEAR REGULATORY COMMISSION, Defendant-Appellee.
 No. 94-3818.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1995.
 
 Before: MARTIN and SILER, Circuit Judges; JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 The Nuclear Regulatory Commission ("NRC") staff issued an immediately effective order suspending the license of petitioner, Advanced Medical Systems ("AMS"). AMS brought this action to determine whether the NRC staff had a substantial basis for issuing the order. The Atomic Safety and Licensing Board ("Board") granted the NRC staff's motion for summary disposition finding no genuine issues of material fact regarding the basis of the immediately effective order. The NRC upheld the Board's decision. AMS petitions this court to reverse the NRC's decision, and remand for a hearing. We decline to do so. Based on the following discussion, we affirm the NRC's decision.
 
 I.
 
 2
 AMS is a NRC licensee that assembles, installs, and services teletherapy equipment used in providing radioactive medical treatment. In October 1986, the NRC staff issued an immediately effective order requiring AMS to suspend licensed activities because of allegations that AMS employees had been servicing medical equipment without authorization.[1]
 
 
 3
 AMS requested an administrative hearing and denied it was at fault. AMS also requested a stay of the effectiveness of the order. The request for the stay was denied, and AMS petitioned the Commission to stay the immediate effectiveness of the order. This request was referred to the Licensing Board.
 
 
 4
 While the requested hearing was pending before the Board, AMS offered to take corrective actions to obtain a recision of the 1986 order pending completion of a hearing. In a February 1987 letter, the NRC staff revoked the order subject to certain conditions. AMS then withdrew its motion for a stay.
 
 
 5
 In March 1987, the U.S. Department of Justice sought to stay the hearing before the Board due to the completion of a parallel criminal investigation of AMS. A stay was granted and remained effective until July 1988. Meanwhile, in August 1987, the NRC amended AMS's license to identify certain employees as "licensed." Soon thereafter, the NRC Regional Administrator revoked both the 1986 order and the February 1987 conditions because the license amendment superseded and apparently conflicted with portions of the earlier order and letter.
 
 
 6
 AMS then filed the instant action contending the NRC staff did not have a substantial basis for issuing the immediately effective order in 1986. Although the NRC staff argued that the proceeding was moot, the Board found otherwise holding that AMS's injury was "capable of repetition, yet evading review." The Board determined that all issues submitted for litigation boiled down to one question, "[u]nder Commission regulations, did the Director act lawfully when he issued a summary suspension order?" The Board answered in the affirmative, and granted summary disposition to the NRC staff finding no disputed material facts. The NRC upheld the Board's ruling, and this appeal followed.
 
 II.
 
 7
 Summary disposition is appropriate where there is no genuine issue as to any material fact. 10 C.F.R. Sec. 2.749(d). The NRC is authorized to suspend a license pending a later hearing if the public health or safety is endangered. 10 C.F.R. Sec. 2.202; 10 C.F.R. Sec. 30.61(c). AMS is thus required to dispute genuine material facts regarding the bases of the Director's decision to suspend its license. In the words of the NRC, "[t]he appellant bears the responsibility of clearly identifying the errors in the decision below and ensuring that its brief contains sufficient information and cogent argument to alert the other parties and the Commission of the precise nature of and support for the appellant's claims."
 
 
 8
 The Board relied on the following findings as particularly material to its decision:
 
 
 9
 1. James M. Leslie replaced the timer on a teletherapy unit at Munson Medical Center in Traverse City, Michigan on April 28-29, 1986;
 
 
 10
 2. AMS employee Russell P. Fortier serviced the main cable of a teletherapy unit in a Harlem, New York hospital without a survey meter, dosimeter, audible radiation monitor or unit service manual on May 30, 1985;
 
 
 11
 3. Fortier also replaced the timer in the teletherapy unit and exposed the radioactive source in a Muncie, Indiana hospital on October 23-24, 1985;
 
 
 12
 4. Garnett Light serviced wiring between the teletherapy stand and the control console, exchanged the treatment timer in the unit, performed safety tests, performed emergency and interlock checks, and activated the unit at the Veteran's Hospital in East Orange, N.J. on June 10-11, 1986;
 
 
 13
 5. Light also installed a head containing the source in a teletherapy unit at Eastside Radiology in Willoughby Hills, Ohio without supervision of a licensed service engineer; and
 
 
 14
 6. AMS employee Richard Speer repaired a timer in a teletherapy unit at a St. Paul, Minnesota hospital in December, 1985.
 
 
 15
 Each of these activities independently constitute a violation of AMS's license. AMS fails to dispute a genuine material fact of any of the bases for the license suspension. Instead, AMS makes the following collateral arguments: (1) employee Leslie was sent to replace a timer, not repair it; (2) timer replacement is simple; (3) AMS supervisor Carani did not require employee Leslie to do any unlicensed work; (4) a doctor erroneously stated employee Leslie replaced a console instead of a timer; and (5) AMS, not the doctor, told employee Leslie to leave the work site.
 
 
 16
 These arguments do not contest the bases of the NRC's decision for license suspension. For example, AMS does not provide this court with any reasons why servicing the cable and wiring of a teletherapy unit is not a licensable activity. Regarding timer replacements, AMS fails to argue that either the employees were not working on behalf of AMS or that the employees did not perform the activities in question. At most, AMS argues that timer replacement is simple. To show that timer replacement is not a licensable activity, however, AMS would have to argue the timer has little potential effect on the safety of the unit's operation. AMS makes no such argument.
 
 
 17
 In short, AMS fails to raise any genuine issues of material fact that dispute the Director's bases for suspension of the license. The NRC properly granted summary disposition.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge of the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The order was temporary, and made in anticipation of a full hearing on the merits